# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BRUD ROSSMANN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-2975-L-BH |
| | ) | |
| MIKE POMPEO, et. al, | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for full case management. Before the Court is an *Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)*, filed October 27, 2017 (doc. 4). Based on the relevant filings and applicable law, the application should be denied and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

The plaintiff initially filed this action against numerous defendants on October 27, 2017, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) On that date, a consent form and a form with instructions for non-prisoner pro se plaintiffs were mailed to the address he provided. (*See* docs. 1, 2.) The instructions specifically provided that he must notify the Court if his address changed, and that his case could be dismissed if he did not. (*See id.*)

By *Notice of Deficiency and Order* dated October 31, 2017, the plaintiff was notified that his IFP application did not provide enough information for determination of whether IFP status was appropriate. (*See* doc. 5.) Attached to the order was a copy of the long form IFP application to proceed. *See id.* The order specifically advised the plaintiff that he must file a new IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* More than fourteen days from the date of the order have passed, but the plaintiff has

not filed a new IFP application.

On November 14, 2017, the consent form was returned as undeliverable. (*See* doc. 6.)

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's initial IFP application did not provide sufficient information for a determination of whether IFP status is appropriate. Because he has not filed a new form that provides the additional information, such as whether he has a spouse with income, he was not shown that he will suffer undue financial hardship after payment of the required $400.00 filing fee or that he does not have sufficient monetary resources available to pay the filing fee. His application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to file a notice of change of address despite a warning that failure to do so

could result in dismissal of the case, and mailings from the Court have been returned as undeliverable as a result.  He has also failed to comply with the order that he submit a new IFP application despite a warning that failure to do so could result in dismissal of the case.  Because the plaintiff failed to file a notice of change of address or follow a court order or otherwise show that he intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits his completed application to proceed *in forma pauperis* and a notice of change of address within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 20th day of November, 2017.**

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).